Hearing Date: [TBD]
Objection Deadline: September 7, 2011

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- X
:
In re: :
:  Chapter 11 Case No. 09-13764 (JMP)
EXTENDED STAY, INC., *et al.* :
:  (Jointly Administered)
Debtors. :
:
---------------------------------------------------- X
:
WALKER, TRUESDELL, ROTH & :
ASSOCIATES, as Trustee for and on behalf :
of the Extended Stay Litigation Trust, :
:
HOBART TRUESDELL, as Trustee for and :
on behalf of the Extended Stay Litigation :
Trust, and :
:  Adv. Pro. No. 11-02398
THE EXTENDED STAY LITIGATION :
TRUST, :  Case No. 11-cv-05394 (SAS)
:
Plaintiffs, :
-against- :
:
THE BLACKSTONE GROUP, L.P., *et al.*, :
:
Defendants. :
:
---------------------------------------------------- X
:
WALKER, TRUESDELL, ROTH & :
ASSOCIATES, as Trustee for and on behalf :
of the EXTENDED STAY LITIGATION :
TRUST, :
:
HOBART TRUESDELL, as Trustee for and :
on behalf of the Extended Stay Litigation :
Trust, and :
:  Adv. Pro. No. 11-02254
THE EXTENDED STAY LITIGATION :
TRUST, :  Case No. 11-cv-05397 (SAS)
:

16665519

|   |   |
|---|---|
| Plaintiffs, | : |
| -against- | : |
|   | : |
| THE BLACKSTONE GROUP, L.P., *et al.*, | : |
|   | : |
| Defendants. | : |
| ------------------------------------------------------ | X |

|   |   |
|---|---|
| WALKER, TRUESDELL, ROTH & ASSOCIATES, as Trustee for and on behalf of the EXTENDED STAY LITIGATION TRUST, | : |
|   | : |
| HOBART TRUESDELL, as Trustee for and on behalf of the Extended Stay Litigation Trust, and | : |
|   | : |
| THE EXTENDED STAY LITIGATION TRUST, | : |
|   | : |
| Plaintiffs, | : |
| -against- | : Adv. Pro. No. 11-02256 |
| LIGHTSTONE HOLDINGS, LLC, *et al.*, | : |
|   | : Case No. 11-cv-05395 (SAS) |
| Defendants. | : |
| ------------------------------------------------------ | X |

### ARBOR DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO WITHDRAW THE REFERENCE

Dechert LLP
1095 Avenue of the Americas
New York, New York 10036-6797
Tel.:(212) 698-3683
Fax: (212) 698-3599

*Attorneys for Defendants Arbor ESH II, LLC, Arbor Commercial Mortgage, LLC., ABT-ESI LLC, Guy R. Milone, Jr., and Joseph Martello*

16665519

## TABLE OF CONTENTS

|  | Page |
|---|---|

SUMMARY OF ARGUMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    i.    *Stern v. Marshall* ............................................................................................... 2

    ii.    Jury Trials ............................................................................................................ 2

CONCLUSION ............................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**CASES**

*Adelphia Communs. Corp. v. Rigas (In re Adelphia Communs. Corp.)*,
   2003 WL 21297258 (S.D.N.Y. June 4, 2003) ...........................................................................5

*Costello v. Enright (In re Costello)*,
   2004 U.S. Dist. LEXIS 27673 (S.D.N.Y. Sept 30, 2004)..........................................................3

*Enron Corp. v. JP Morgan Sec., Inc. (In re Enron Corp.)*,
   2008 WL 281972 (S.D.N.Y. Jan. 25, 2008) ..............................................................................4

*Enron Corp. v. Telplexus, Inc. (In re Enron Corp.)*,
   2004 WL 2912893 (S.D.N.Y. Dec. 14, 2004) ...........................................................................2

*Hassett v. BancOhio Nat'l Bank (In re CIS Corp.)*,
   172 B.R. 748 (S.D.N.Y. 1994)...................................................................................................3

*In re Ames Dept. Stores, Inc.*,
   190 B.R. 157 (S.D.N.Y. 1995)...................................................................................................4

*In re Enron Power Mktg., Inc.*,
   2003 WL 68036 (S.D.N.Y. Jan. 8, 2003) ..................................................................................3

*In re Fairfield Sentry*,
   2010 WL 4910119 (S.D.N.Y. Nov. 22, 2010) .......................................................................3, 4

*In re Formica Corp.*,
   305 B.R. 147 (S.D.N.Y. 2004)...................................................................................................4

*In re Gaston & Snow*,
   173 B.R. 302 (S.D.N.Y. 1994)...................................................................................................4

*In re Keene Corp.*,
   182 B.R. 379 (S.D.N.Y. 1995)...................................................................................................5

*In re Kenai Corp.*,
   136 B.R. 59 (S.D.N.Y. 1992).....................................................................................................3

*In re Texaco Inc.*,
   84 B.R. 911 (S.D.N.Y. 1988).....................................................................................................4

*Picard v. JP Morgan Chase & Co. (In re Bernard L. Madoff)*,
   2011 WL 2119720 (May 23, 2011) ...........................................................................................4

*Stern v. Marshall*,
   131 S.Ct. 2594..................................................................................................................2

**STATUTES**

28 U.S.C. § 157(d) ........................................................................................................................2

28 U.S.C. § 157(e) ........................................................................................................................2

16665519

iii

Defendants Arbor ESH II, LLC, Arbor Commercial Mortgage, LLC, ABT-ESI LLC, Guy R. Milone, Jr., and Joseph Martello (the "**Arbor Defendants**"), by and through their undersigned attorneys, Dechert LLP, respectfully submit this memorandum of law in opposition to the motion by plaintiffs, Walker, Truesdell, Roth & Associates ("**WTR&A**"), as Trustee for an on behalf of the Extended Stay Litigation Trust (the "**Trust**"), and Hobart Truesdell, as Trustee for and on behalf of the Trust ("**Truesdell**," and together with WTR&A and the Trust, the "**Plaintiffs**") to withdraw the reference (the "**Motion**") of the above captioned Actions (as defined below) from the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

## SUMMARY OF ARGUMENT

Plaintiffs are prematurely seeking withdrawal of the reference of the Actions, consisting of adversary proceedings 11-2254 (the "**Bankruptcy Court Fiduciary Duty Action**"), 11-2256 (the "**Buyer and Mezzanine Lender Action**") and 11-2398 (the "**State Court Fiduciary Duty Action**") (collectively, the "**Actions**").[1] While the Arbor Defendants believe that the reference should be withdrawn, when and if these Actions are tried, it is essentially uniform practice to have the bankruptcy court handle all pre-trial proceedings, including dispositive motions. The Arbor Defendants believe that this Court should follow the uniform body of case law adopting such practice.

---

[1] The Plaintiffs have filed two separate Motions: (i) one in the Bankruptcy Court Fiduciary Duty Action [Dkt. No. 42] and the State Court Fiduciary Duty Action [Dkt. No. 26] and (ii) one in the Buyer and Mezzanine Lender Action [Dkt. No. 16] and in adversary proceeding 11-2255 [Dkt. No. 17] (in which the Arbor Defendants are not named defendants). Given that the Arbor Defendants' opposition is the same for all of the Actions, the Arbor Defendants are filing one global opposition in each Action in which they are named as defendants.

16665519

## ARGUMENT

Plaintiffs place undue reliance on *Stern v. Marshall*, 131 S.Ct. 2594 (2011) for both mandatory and permissive withdrawal of the reference. Plaintiffs erroneously assert that "[t]he Bankruptcy Court will have to engage in substantial and material consideration and interpretation of federal constitutional law concerning the Bankruptcy Court's subject matter jurisdiction and constitutional authority to enter judgments against defendants, or to hold jury trials…." *See* Motion, at 1. The Plaintiffs are wrong.

**(i)** *Stern v. Marshall*

*Stern v. Marshall* does not require either mandatory or permissive withdrawal of the reference as established in the Blackstone Defendants' Opposition to the Litigation Trustee's Motions to Withdraw the Reference [Docket No. 5] (the "**Blackstone Opposition**"). The Arbor Defendants join in the arguments made in the Blackstone Opposition and incorporate them as if fully set forth herein.

**(ii) Jury Trials**

The Arbor Defendants agree with the Plaintiffs that the Actions are likely to require jury trials (unless the right is waived), which the bankruptcy court can hold only with the consent of all parties. *See* 28 U.S.C. § 157(e). Currently, the Arbor Defendants are not prepared to waive their right to a trial by jury, nor do they consent to a jury trial before the Bankruptcy Court. However, a jury trial is far from certain and procedurally distant at this point.

In determining whether cause exists to withdraw the reference under 28 U.S.C. § 157(d), "district courts are generally unreceptive to motions to withdraw references where the underlying action is in its preliminary stages . . ." *Enron Corp. v. Telplexus, Inc. (In re Enron Corp.)*, 2004

16665519

2

WL 2912893, at *2 (S.D.N.Y. Dec. 14, 2004).  Moreover, "[a] rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and the bankruptcy court." *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992); *see Hassett v. BancOhio Nat'l Bank (In re CIS Corp.)*, 172 B.R. 748, 761 (S.D.N.Y. 1994) (considering "whether judicial efficiency and uniformity will be promoted by allowing the bankruptcy court to manage the proceeding until the case becomes ready for trial"); *In re Enron Power Mktg., Inc.*, 2003 WL 68036, at *8 (S.D.N.Y. Jan. 8, 2003) (noting that shifting of cases between bankruptcy court and district court after the pre-trial phase promotes judicial efficiency and uniformity of bankruptcy administration).

      Absent exceptional circumstances, a request for withdrawal of the reference becomes ripe if and when a matter is ready for trial.  *Costello v. Enright (In re Costello)*, 2004 U.S. Dist. LEXIS 27673, at *3 (S.D.N.Y. Sept. 30, 2004) (in a non-core proceeding, a movant's request for withdrawal of the reference was "premature, and, absent exceptional circumstances, will become ripe if and when [the] matter is ready for trial").

      It is in the interest of judicial economy to allow the bankruptcy court to adjudicate pre-trial and managerial matters, even if the case is later transferred to the district court.  *In re Fairfield Sentry*, 2010 WL 4910119, at *3 (S.D.N.Y. Nov. 22, 2010) ("allowing the bankruptcy court to do so would promote, significantly, judicial economy because that court is generally familiar with the [p]laintiffs' lawsuits and the complex [] factual context.").

Indeed, courts are hesitant to withdraw the reference under circumstances similar to the current procedural posture of these Actions. *In re Fairfield Sentry*, 2010 WL 4910119, at *3; *Enron Corp. v. JP Morgan Sec., Inc. (In re Enron Corp.)*, 2008 WL 281972, at *6 (S.D.N.Y. Jan. 25, 2008); *In re Formica Corp.*, 305 B.R. 147, 150 (S.D.N.Y. 2004); *In re Ames Dept. Stores, Inc.*, 190 B.R. 157, 163-64 (S.D.N.Y. 1995); *In re Gaston & Snow*, 173 B.R. 302, 307 (S.D.N.Y. 1994); *In re Texaco Inc.*, 84 B.R. 911, 921 (S.D.N.Y. 1988).

The Plaintiffs' have failed to identify any exceptional circumstances necessitating withdrawal at this juncture. Their entire argument centers on a misguided view of *Stern v. Marshall*, as fully explained in the Blackstone Opposition. The Plaintiffs' reasoning would prevent any non-core matter from ever being handled by the Bankruptcy Court. There are, however, many factors favoring the Bankruptcy Court's jurisdiction over the Actions and demonstrating that the request is premature:[2]

- There has been no substantive briefing on the merits of the Actions.

- There has been no motions to dismiss filed by any of the defendants in the Bankruptcy Court (although such motions are sure to be filed).

- The Defendants have not answered the plaintiffs' complaints.

- The Actions may not reach trial based on motions to dismiss or motions for summary judgment.

- It is undecided by the Bankruptcy Court whether the State Court Fiduciary Duty Action will be remanded to state court.

---

[2] Counsel for the Trustee made this exact argument in *Picard v. JP Morgan Chase & Co.* when opposing JP Morgan Chase & Co.'s Motion to Withdraw the Reference. *See Picard v. JP Morgan Chase & Co.*, Case No. 11-cv-00913 (CM) (MHD) [Dkt. No. 11 at pg. 9]. The Trustee was unsuccessful for reasons that have no bearing in these Actions - - here these are no issues of first impression and the Bankruptcy Court will not be required to interpret federal non-bankruptcy law. *Picard v. JP Morgan Chase & Co. (In re Bernard L. Madoff)*, 2011 WL 2119720, at *4, 8 (May 23, 2011).

16665519

- It is undecided whether all of five of the Actions will be consolidated.

- The Bankruptcy Court is generally familiar with the Actions and the complex underlying factual context in which they arise, as Judge Peck presided over the Chapter 11 proceedings in this case since the June 2009 filing, approved the Trust and is the judge assigned to the Actions.

Furthermore, at this preliminary stage of the litigation, whether the Actions implicate issues requiring withdrawal of the reference is entirely speculative, as it is yet to be determined whether the Actions are core or non-core proceedings and what issues will remain to be tried, if any. Accordingly, a decision to withdraw the reference is premature and inappropriate given the procedural posture of the Actions.

Simply stated, regardless of whether a proceeding is core or non-core, a bankruptcy court can adjudicate pre-trial interlocutory matters. *Adelphia Communs. Corp. v. Rigas (In re Adelphia Communs. Corp.)*, 2003 WL 21297258, at *1 (S.D.N.Y. June 4, 2003). "While it is clear that the bankruptcy court may not conduct a jury trial in [a] non-core proceeding, it does not necessarily follow that the reference must be withdrawn at this time." *In re Keene Corp.*, 182 B.R. 379, 385 (S.D.N.Y. 1995).

## CONCLUSION

For the foregoing reasons, the Arbor Defendants respectfully requests that the Motion be denied.

Dated: New York, New York
       September 7, 2011

Respectfully submitted,

DECHERT LLP

By: /s/ *Gary J. Mennitt*
Gary J. Mennitt
Shmuel Vasser
1095 Avenue of the Americas
New York, New York 10036-6797
Tel.:(212) 698-3683
Fax: (212) 698-3599
gary.mennitt@dechert.com
shmuel.vasser@dechert.com

*Attorneys for Defendants Arbor ESH II, LLC, Arbor Commercial Mortgage, LLC., ABT-ESI LLC, Guy R. Milone, Jr., and Joseph Martello*

16665519